IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BOBBY BUCKNER                                                                                          PLAINTIFF

        v.                                    Civil No. 13-3042

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kevin Crowden, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

The Plaintiff filed his applications for DIB and SSI in October 18, 2010, alleging an onset date of May 1, 2009, due to residual right ankle pain from an on-the-job injury and lower back pain.  Tr. 130, 137, 161, 191-192.  His claims were denied both initially and upon reconsideration.  Tr. 74-80, 85-88.  An administrative hearing was then held on November 8, 2011.  Tr. 38-69.  Plaintiff was both present and represented at that hearing.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

A the time of the administrative hearing, Plaintiff was 44 years old and possessed a general equivalency degree. Tr. 37, 38, 132-138, 163, 201. He had past relevant work ("PRW") as a fast food worker and fast food cook. Tr. 25, 172-179.

On January 13, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's ankle fracture and degenerative disk disease ("DDD") of the lumbar spine did not meet or equal any Appendix 1 listing. Tr. 15-17. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work, except "he can occasionally climb, balance, stoop, kneel, crouch, and crawl. He can occasionally work overhead." Tr. 17. With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as a lampshade assembler, compact assembler, shoe buckler and lacer, ordnance check weigher, nut sorter, and zipper trimmer. Tr. 21.

On January 24, 2013, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. Subsequently, Plaintiff filed this case. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 8, 10.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find

it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    A.    **The Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

3

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Plaintiff contends that the ALJ erred in his determination of Plaintiff's RFC and by concluding that Plaintiff failed to comply with treatment. We disagree. After reviewing the record in this case, we find that ALJ's RFC determination is supported by substantial evidence. Although Plaintiff contends that his impairments necessitated a sit/stand/walk option, this is not substantiated by the record. The record does reveal Plaintiff's complaints with regard to standing and walking, but aside from his testimony, there are no medical records to document is alleged difficulty sitting or need for a sit/stand/walk option. And, by definition, sedentary work requires sitting most of the workday, with intermittent standing/walking to retrieve objects weighing 1 to 10 pounds. *See* 20 C. F. R. §§404.1567(a), 416.967(a); SSR 83-10.

In May 2009, Plaintiff was working on a roof when a limb fell on his ankle, resulting in a severe bimalleolar ankle fracture with displacement of the fractured fragments and disruption of the ankle mortise. Tr. 337-371, 520-525. Beginning in June 2009, Dr. Knox ordered physical therapy, which Plaintiff was discharged from after only three appointments dues to noncompliance. Tr. 313. His last appointment for treatment regarding his ankle fracture

occurred in July 2009 and revealed that he was doing well with x-rays showing good alignment and hardware placement. Tr. 233, 530. Plaintiff did not seek out further treatment until October 2010, at which time he stated that he could "not be up on his right leg for more than a couple of hours without having severe pain." Tr. 236-240. He admitted to a sedentary lifestyle, stating hat he just sat around most days. Tr. 236. Plaintiff made no further complaints of ankle pain until January 2011 when Dr. Knox prescribed Tramodol. Tr. 304-305. And, in February 2011, he admitted to Dr. Bunting that he could drive 50-60 miles at a time and shop by himself. Tr. 282-286. He also indicated that he spent his day listening to the radio, playing cards with his girlfriend, and reading; all of which are sedentary activities.

The next documentation of ankle pain was made in November 2011. Tr. 563-564. *See Edwards v. Barnhart*, 314 F.3d at 967 (holding that ALJ may discount disability claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment). While examinations did document some occasional tenderness and muscle spasm in his lumbar spine, no range of motion deficits were noted and no restrictions were ever placed on Plaintiff's ability to sit.

Also weighing against Plaintiff's argument is the fact that he started his own business in March 2010, working at least 40 hours per week buying timber from landowners and selling the logs to sawmill operators. Tr. 168, 177. He reportedly cut logs 15 to 20 hours per week for approximately five months. Tr. 168-169. Plaintiff testified that he ended the business due to ankle pain. Tr. 168. However, the medical evidence does not support a deterioration of his condition on or about this time. And, as previous discussed, his treatment thereafter was

5

inconsistent at best. Accordingly, we find no error in the ALJ's failure to include a sit/stand/walk option in Plaintiff's RFC determination.

We also find that the ALJ's conclusion that Plaintiff was non-complaint with treatment to be supported by the record.[2] On July 16, 2009, Plaintiff was discharged from physical therapy for non-compliance. Tr. 317. Treatment notes reveal that he attended only three sessions of therapy. Although Plaintiff progressed well, he also appeared to be overzealous in his activities and required instruction to stay within the parameters of his therapy.

Further, Plaintiff was suppose to present at Baptist Heath Medical Center on May 6, 2010, for evaluation of a suspected cardiac condition. He failed to do so because he was too busy. Instead, Plaintiff presented on May 7, 2010, but checked himself out the following day because he would not wait to be evaluated by the cardiologist. Tr. 245-274, 420-447, 538-561. And, in April 2011, a doctor at Ozark Health Medical Center noted that, although Plaintiff had been non-complaint with follow-ups concerning his cardiac symptoms. Tr. 499-517. At this time, the doctor indicated that Plaintiff needed to be transported to Arkansas Heart Hospital via ambulance for further evaluation. However, Plaintiff refused the transfer and signed himself out against medical advice. Clearly, this is not the type of behavior one would expect of a disabled individual.

Likewise, in January and February 2011, Plaintiff told Drs. Blair and Bunting that he was not taking any medications for his chronic pain. Tr. 282-286, 304-305. *See Dunahoo v. Apfel*,

---

[2]Plaintiff's argument that the ALJ violated SSR-85-29 and 96-7p is misplaced in that the ALJ's denial of his claim was not based solely on his treatment non-compliance. The ALJ also correctly considered Plaintiff's alleged precipitating and aggravating factors, his medication and alleged side effects, his inconsistent treatment, the objective medical evidence, and Plaintiff's reported activities. Tr. 15-16, 18-20.

AO72A
(Rev. 8/82)

241 F.3d 1033, 1038 (8th Cir. 2001) (holding that claimant's failure to follow prescribed course of treatment weighed against credibility when assessing subjective complaints of pain). Again, this is not the behavior we would expect of someone suffering from disabling pain.

While we do agree that the record makes mention of the fact that Plaintiff was not able to take Hydrocodone due to gastrointestinal related side effects, other pain medications were available to him. Plaintiff was given Tramadol, Demerol, Celebrex, and Flexeril on separate occasions. Tr. 236-240, 304-305, 326-330, 563-564. And, Plaintiff admitted to doing "well" on Demerol and Phenergan. Tr. 19, 500, 563-561. He also admitted to taking both Aleve and Tylenol with no reported side effects. *See Hepp v. Astrue*, 511 F. 3d 798, 807 (8th Cir. 2008) (moderate, over-the-counter medication for pain does not support allegations of disabling pain). Accordingly, we do not find that his inability to take Hydrocodone justifies his failure to take all prescribed medications or seek out other prescription pain medications.

We can also discern no evidence to indicate that Plaintiff was ever refused medical treatment or medication due to his financial status, or that he attempted to avail himself of the treatment options available to indigent and low income individuals. *Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992). Had Plaintiff's financial status truly been a bar to his ability to follow through with treatment and obtain medication, we believe this issue would have been developed by the Plaintiff. Plaintiff was represented by counsel at the administrative hearing, and does bear the burden of establishing justification for his failure to follow medical advice. There is simply no evidence in the record that would have required the ALJ to develop the record further in this regard. Accordingly, Plaintiff's second argument is also without merit.

## V.     **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 27th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE